**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |
|---|
| SUBHI YASER ABUROMI,<br><br>               Plaintiff,<br><br>    v.<br><br>OFFICE OF THE HIDALGO COUNTY<br>DISTRICT ATTORNEY, *et al*.,<br><br>               Defendants. |

Civil Action No. 25-9314 (JXN)(JBC)


<u>**OPINION**</u>

<u>**NEALS**</u>, District Judge

Before the Court are *pro se* Plaintiff Subhi Yaser Aburomi's ("Plaintiff") seven amended complaints (ECF Nos. 4–10) and application to proceed *in forma pauperis* ("IFP") (ECF No. 4-1). The Court has reviewed the IFP Application and screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Seventh Amended Complaint (ECF No. 10) is **DISMISSED** *without prejudice*.

**I.      BACKGROUND**

Plaintiff filed a complaint in June 2025 without paying the filing fee or submitting an IFP application. (ECF No. 1.) He submitted a First Amended Complaint (ECF No. 4) with an IFP Application (*See* IFP App., ECF No. 4-1). Plaintiff then amended the Complaint six more times. (ECF Nos. 4–10.)

The many Complaints are brought against different defendants. The original complaint, for instance, is against the "N.J. Attorney . . . Passaic County," the "Paterson Police Department," and the "Prospect Park Police." (*See* Compl. at 2–3.) The First Amended Complaint is against the Offices of the Hidalgo County District Attorney and Jefferson Parish District Attorney. (*See* First

Am. Compl. at 2–3.) The most recent Amended Complaint is against six individuals who purportedly work for the Passaic County Prosecutor. (Seventh Am. Compl. at *1–3.) Because "the most recently filed amended complaint becomes the operative pleading" and "renders the original pleading a nullity," the Court considers only the allegations in the Seventh Amended Complaint. *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019).

The Seventh Amended Complaint, however, is incomprehensible. As best the Court can tell, Plaintiff's claim is for "wrongful prosecution, discrimination, [and a] hate crime." (Seventh Am. Compl. at *5.) The only facts Plaintiff alleges are that "There was no one inside the car. To prosecute me with carjacking and still give drug court/recovery court. No car was ever reported missing." (*Id.*)

## II.    **LEGAL STANDARD**

Under 28 U.S.C. § 1915, a plaintiff may proceed with a civil action IFP without paying the court filing fee. The IFP statute requires that a plaintiff submit a complete financial affidavit to demonstrate financial need. 28 U.S.C. § 1915(a). *See Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) ("The requirement that a plaintiff demonstrate financial need through submission of a complete financial affidavit is an essential part of the statute."). Under the statute, the Court must assess the financial affidavit to determine whether the plaintiff can proceed IFP. 28 U.S.C. § 1915(a).

The Court must also decide *sua sponte* whether the Complaint should be dismissed. 28 U.S.C. § 1915(e). An IFP complaint must be dismissed if it is frivolous or malicious, fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Rule 8(a)(2) requires all pleadings to include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The question is whether, "liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). "[A] pro se complaint's language will ordinarily be 'plain' if it presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

A court may "dismiss a complaint for failure to comply with Rule 8." *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). "[D]ismissal is appropriate in cases where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995)). "'The dismissal of a complaint on the ground that it is unintelligible is unexceptional' because it cannot satisfy the basic notice function of a pleading." *Garrett*, 938 F.3d at 93 (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)).

In screening an IFP complaint, however, this Court is mindful that *pro se* pleadings must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "there are limits to [the Court's] procedural flexibility." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Pro se litigants "must abide by the same rules that apply to all other litigants," including Rule 8(a)(2). *Id.*

III.    **DISCUSSION**

    A.    **The IFP Application**

Plaintiff declares he has no income or employment. (*See* IFP App.) The Court finds Plaintiff has established his inability to pay the fees or costs associated with this case, and **grants** his IFP application.

    B.    **The Seventh Amended Complaint**

Even construed liberally, Plaintiff fails to include a "short and plain statement" of his claim. Fed. R. Civ. P. 8(a). Plaintiff states he is suing for "wrongful prosecution, discrimination, [and a] hate crime" because "[t]here was no one inside the car. To prosecute me with carjacking and still give drug court/recovery court. No car was ever reported missing." (Seventh Am. Compl. at *5.)

But that is not enough factual matter "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Seventh Amended Complaint does not explain which Defendants did what, or how their conduct amounted to wrongful prosecution, discrimination, or a hate crime. *Garrett*, 938 F.3d at 93 (noting complaints must identify discrete defendants and the actions taken by those defendants). Because the Seventh Amended Complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," dismissal is warranted. *Ruther*, 556 F. App'x at 92 (quoting *Simmons*, 49 F.3d at 86).

4

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Seventh Amended Complaint (ECF No. 10) is **DISMISSED** *without prejudice*. Plaintiff shall have thirty days to submit an amended pleading correcting the deficiencies identified herein. An appropriate Order accompanies this Opinion.

**DATED:** 3/27/2026

JULIEN XAVIER NEALS
United States District Judge